IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv212

| LEONARD FRANK GOSNELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Pending before the Court is the Joint Stipulation filed by Plaintiff [# 24]. Previously, the Court struck Plaintiff's Motion for Summary Judgement [# 16] and Memorandum in Support of Motion for Summary Judgment [# 17] from the record as the result of counsel's flagrant and intentional disregard of an Order of this Court. (Order, Apr. 19, 2012.) This was the second Motion for Summary Judgment filed by counsel that the Court struck from the record in this case. Counsel for Plaintiff now moves the Court to allow him an opportunity to file a third Motion for Summary Judgment and contends that this time he will actually comply with the Court's prior Order and offer legal authority in support of his assignments of error by the Administrative Law Judge.

In support of the motion, counsel attaches the affidavit of his client, who

states that he has been informed of the proceedings in this case, including the Court's Orders striking the two prior briefs. Even in light of being informed of his counsel's prior failure to comply with Court Orders in this case, Plaintiff wishes to retain Mr. Gudger as counsel. This Court, however, will not allow Mr. Gudger another opportunity to file a Motion for Summary Judgement in this case absent the imposition of some sanction. This Court has already provided counsel two opportunities to file a motion for summary judgment. In fact, the second Motion for Summary Judgement was filed in response to a Court Order specifically directing Plaintiff to submit a new brief to this Court that was supported by legal authority. Counsel, however, flagrantly and intentionally disregarded this Court's Order by submitting a second memorandum that was virtually identical to the prior one. As the Court previously explained:

> The only recognizable changes are that Plaintiff: (1) altered the first sentence to recognize that the motion was filed in response to the Court's March 22, 2012, Order; and (2) added the sentence: "[t]he GAF scale is provided for the Court's Convenient reference, market Attachment 1, and it is incorporated herein by reference." (Pl.'s Mem. Supp. Mot. Summ. J. at p. 8.) The entire legal analysis still fails to cite the Court to a single case from any jurisdiction supporting Plaintiff's legal argument.

(Order, Apr. 19, 2012.) The Court then found that the conduct of counsel constituted an abuse of the judicial process and that sanctions were warranted. (Id.) To date, no sanction has been imposed on counsel for his abuse of the judicial

process.

It is well settled that a district court has the inherent power to sanction conduct that constitutes an abuse of the judicial process. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 542 (4th Cir. 2002); Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001); United States v. Shaffer Equip. Co., 11 F.3d 450, 461-62 (4th Cir. 1993). "The policy underlying this inherent power of the courts is the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth." Silvestri, 271 F.3d at 590. The most powerful sanction in the district court's quiver is its inherent power to dismiss a case with prejudice. Shaffer, 11 F.3d at 462; Hensley, 277 F.3d at 542. "Since orders dismissing actions are the most severe, such orders must be entered with the greatest caution." Shaffer, 11 F.3d at 462.

Upon consideration of the record in this case, and for the reasons stated in the Court's prior Orders, the Court will allow counsel to file a third Motion for Summary Judgment contingent upon counsel personally paying a sanction of $500.00 into the registry of the Court as a sanction for his prior conduct. The Court finds that requiring counsel to pay this fine is an appropriate sanction and will not prejudice his client, who after being informed of counsel's prior failure to comply with the Court's Orders, desires to have counsel continue to represent him

in this matter. Moreover, $500.00 is an appropriate amount to sanction counsel for his conduct but is not so great as to constitute a de facto dismissal of this case or impose too large of a burden on counsel. In short, based on counsel's conduct in this case, the Court finds that $500.00 is a reasonable and appropriate sanction. Absent the payment of this sanction, counsel will not be allowed to file a new motion.

Counsel shall have ten (10) days from the entry of this Order to pay this sanction into the registry of the Court. Upon receipt of the funds, the Court will allow Plaintiff twenty (20) days from the date of payment to file a new Summary Judgment motion. Such motion is limited to the issues raised in the prior motions, and the Court will disregard any legal argument that is not supported by citations to relevant legal authority and contains legal analysis as to how such authority supports the result sought by Plaintiff. A simple recitation of the facts in the record without any legal analysis or legal authority will not suffice. If counsel re-files a virtually identical brief for a second time, the Court will strike the briefs and consider holding counsel in contempt of court. Finally, if counsel refuses to pay this sanction, the Court will provide Plaintiff with ten (10) days to obtain new counsel or the Court will again recommend dismissal of this action. Accordingly, the Court **GRANTS in part** the Joint Motion [# 23]. The Court also **GRANTS** the

Motion to Withdraw [# 25] and **DIRECTS** the Clerk to terminate the Motion to Disqualify [# 19].  The Court **DIRECTS** counsel for Plaintiff to personally deliver by hand a paper copy of this Order to his client within ten (10) days of the entry of this Order and to certify to the Court that he has done so within three (3) days of delivery of the Order to his client.

Dennis L. Howell
United States Magistrate Judge

Signed: July 9, 2012